# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:
**The Toy Box, LLC, A New Mexico**
**Domestic Limited Liability Company,**
              **Debtor.**                          **No. 11-10057 S**

## DEBTOR'S EMERGENCY MOTION FOR INTERIM USE OF CASH COLLATERAL AND REQUEST FOR AN EMERGENCY HEARING

The debtor in possession, The Toy Box, LLC, (the "Debtor"), pursuant to Bankruptcy Code §363(c) and Bankruptcy Rule 4001(b), files this Emergency Motion for Interim Use of Cash Collateral and Request for an Emergency Hearing (the "Emergency Motion"), seeking authority to use cash collateral from January 7, 2011 until the date an order is entered granting the Debtor's First Motion For Use Of Cash Collateral (the "First Motion") which will be filed within five business days after the filing of this Emergency Motion (the "Interim Period"), to avoid immediate and irreparable harm to the estate and to pay certain Pre-petition payroll liabilities in the approximate amount of $12,800.00. Pursuant to Bankruptcy Code §363(c)(3) and Bankruptcy Rule 4001(b)(2), the Debtor further moves the Court to schedule the First Motion for a final hearing on an expedited basis. In support of this Emergency Motion, the Debtor states:

    1.      Immediate and Irreparable Harm to the Estate Without Use of Cash Collateral. The Debtor needs immediate use of cash collateral to continue operations pending a final hearing on the First Cash Collateral Motion. Without the use of cash collateral the Debtor will be unable to pay regular and ordinary operating expenses, repairs and maintenance, payroll, services, insurance, utilities, taxes, professional fees and expenses, or other necessary administrative expenses.

1

2. Commencement of Bankruptcy Case. On January 7, 2011 (the "Chapter 11 Filing Date"), Debtor commenced this chapter 11 bankruptcy case. Pursuant to Bankruptcy Code §§1107 and 1108, the Debtor has retained possession of its assets, as debtor-in-possession, and is continuing to operate its business.

3. No Committee. No creditors' committee has been appointed.

4. Nature of the Debtor's Business. The Debtor owns a Daycare facility in Las Cruces, New Mexico doing business as the The Toy Box, LLC (the "Complex").

5. Debtor's Principal Indebtedness. As of the Petition Date, the Debtor's principal secured indebtedness consists of creditor claims in the following approximate amounts:

| Creditor | Approximate Amount |
|---|---|
| Citizen's Bank | $100,000 est. |

6. Creditors Holding or Claiming Liens Against Cash Collateral. Citizen's Bank (the "Bank"), claims a lien against collateral that constitutes cash collateral pursuant to 11 U.S.C. §363(a). The Bank's claimed collateral consists of the Debtor's, inventory, accounts receivable, furniture, fixtures, equipment, deposit accounts, and may include other collateral. The Debtor is in default in its pre-petition payments to the Bank, and the Bank had set a date for acceleration of the Note to January 14, 20111. However, prior to acceleration, the Bank offset the Debtor's bank account in the approximate amount of $49,000.00.

7. The Debtor's Interim Budget. The Debtor's good faith best estimate of its weekly revenues and expenses for the Interim Period is set out in the budget attached as Exhibit "A" attached hereto ("Interim Budget").

2

8.      Requested Use of Cash Collateral.  To operate its business and administer this bankruptcy case, the Debtor requires use of cash collateral for, among other things, reasonable and necessary operating expenses, repairs and maintenance, payroll, services, insurance, utilities, taxes, professional fees and expenses, and other necessary administrative expenses.  The Debtor requests authority to use cash collateral, pending entry of an order on the First Cash Collateral Motion, in accordance with the Interim Budget.  Debtor requests the use of cash collateral to also pay certain pre-petition payroll liabilities and payroll taxes in the approximate amount of $12,800.

9.      Proposed Adequate Protection to the Cash Collateral Creditors.  The Debtor proposes that the following adequate protection for the Bank as set forth below, will afford adequate protection within the meaning of Bankruptcy Code §§361 and 363:

(a) Grant of Security Interests in Post-Petition Date Collateral.  As adequate protection for the security interest the Bank had in the cash collateral used by the Debtor, the Bank shall continue to have a security interest in, and the Debtor agrees that its obligations to the Bank shall be secured by, all assets in which the Bank had a lien or security interest as of the Chapter 11 Filing Date (the "Prepetition Date Collateral"), subject to the same defenses and avoidance powers (if any), as existed on the Chapter 11 Filing Date.  In addition, the Bank shall have a lien (the "Replacement Lien") against property of the same type as the Prepetition Date Collateral acquired by the Debtor post-petition. The Replacement Lien shall be limited in amount to any diminution in the value of the Bank's cash collateral after the Chapter 11

3

Filing Date that is caused by the Debtor's post-Petition date use of such cash collateral;

(b) No Filing or Recording Necessary. The Bank's liens and security interests in the post-petition collateral shall be deemed to be valid and perfected as of the Chapter 11 Filing Date, without further filing or recording under any state or federal law, to the same extent as the liens in the Pre-petition Date Collateral of the same type were valid and perfected as of the Chapter 11 Filing Date. The Bank shall not be required to file financing statements or other documents in any jurisdiction or take any other action (including without limitation obtaining possession of any collateral) to perfect its security interests pursuant to an order granting this Emergency Motion. Such perfection shall continue to be valid in the event of any conversion of this case to chapter 7, or appointment of a trustee under chapter 7 or chapter 11;

(c) Reporting by the Debtor. The Debtor shall maintain detailed and accurate records of operating revenues and expenditures. The Debtor shall file all operating reports prepared by or at the direction of the Debtor, pursuant to the guidelines established by the United States Trustee for the District of New Mexico ("UST");

(d) DIP Accounts and Use of Funds. The Debtor will maintain a debtor-in-possession operating account (the "DIP Operating Account") at a UST approved financial institution, and may maintain other accounts, including payroll and tax accounts. The Debtor may maintain on its premises petty cash sufficient to conduct business in the ordinary course;

4

(e) Ordinary Operating Expenses.  The Debtor will use cash collateral only for ordinary operating and administrative expenses in accordance with the Interim Budget and as provided in the proposed Order Approving Emergency Motion attached as Exhibit "B" hereto.  The Debtor asks that it be permitted to pay actual amounts incurred for utilities, payroll to hourly employees, and for necessary repairs and maintenance, as such expenses vary month to month, and that the amounts for those items in the Interim Budget be treated as estimates.  In addition to the expenses shown on the Interim Budget, the Debtor requests authority to use cash collateral to make any utility deposits ordered by the Court pursuant to Bankruptcy Code §366 and to make any adequate protection payments required by separate orders entered after notice to the Cash Collateral Creditors who will have an opportunity to object;

(f) Payment of Post-Conversion Date Payroll Taxes.  The Debtor will timely pay all post-Petition date payroll taxes;

(g) Insurance. The Debtor shall maintain in effect general property and liability insurance for its business operation, including insurance on any equipment owned by the apartment complex; and

(h) Other.  The Debtor will provide such other adequate protection, if any, as the Court determines is necessary to permit use of cash collateral.

10.    Proposed Provisions of Cash Collateral Order.  The Debtor proposes that any order granting this Motion provide, inter alia:

(a) Default.  Each of the following events shall constitute an "Event of Default" for purposes of the Order:

(i) If the Debtor fails to comply with any of the terms or requirements of the Order and fails to cure the default within ten days after receiving written notice thereof from the Bank. In the event a notice of default is given, the parties would be entitled to a hearing on the alleged default on short notice; or

(ii) If the bankruptcy case is converted to a case under chapter 7 of the Bankruptcy Code or is dismissed, in either case without the consent of the Bank;

(b) Waiver of Default. The Bank and the Debtor may agree to waive in writing any Event of Default;

(c) Termination of Authority to Use Cash Collateral. Upon the occurrence of an unwaived Event of Default or upon expiration of the Interim Period, the authority to use cash collateral granted by the order would automatically terminate, without prejudice to the rights of the Debtor to file and of the Bank to oppose a motion to use cash collateral further. Upon such termination, the Debtor would not use cash collateral without first obtaining further order of the Bankruptcy Court or the prior written consent of Bank; and

(d) Successors Bound. The provisions of the order (i) are binding upon and inure to the benefit of Bank, the Debtor and its estate, and the respective successors and assigns of each of the foregoing, including without limitation any Chapter 11 or Chapter 7 trustee; and (ii) shall survive the entry of any order (a) dismissing this bankruptcy case, (b) converting the chapter 11 case to any other chapter under the Bankruptcy Code, (c) withdrawing reference of the case from this Bankruptcy

6

Court, (d) appointing a trustee or an examiner with expanded powers to serve in the Bankruptcy Case, or (e) suspending the proceedings in or otherwise abstaining from the handling of this bankruptcy case.

11. The Proposed Adequate Protection is Sufficient. The Debtor's proposed adequate protection satisfies the adequate protection requirement.

12. Retention of Jurisdiction to Modify Cash Collateral Order. The Debtor requests that the Court retain authority to modify any order authorizing use of cash collateral.

13. No Collateral Estoppel /Res Judicata Effect. The Debtor requests that any order authorizing use of cash collateral provide that it have no collateral estoppel or res judicata effect concerning the amount, extent, validity, or priority of any claims or liens. The Debtor reserves the right to contest the nature, extent, amount, validity, and /or priority of any liens, and reserves the right to take action to avoid any such liens to the extent avoidable.

14. Further Support For This Motion. If the Debtor is not permitted to use cash collateral on an ongoing basis to meet its cash requirements, the estate and its creditors (including the Cash Collateral Creditors) would suffer great harm because the Debtor would have to shut down business operations. Authorizing use of cash collateral on an ongoing basis is in the overwhelming best interests of this estate and its creditors, including the Bank, and is necessary and appropriate to carry out the purposes of a chapter 11 reorganization.

15. The success of the Debtor's reorganization efforts hinges on its ability to continue to operate its business.

16.     Request For a Preliminary Hearing on An Expedited Basis.  The Debtor requests that the Court conduct a preliminary hearing pursuant to 11 U.S.C. §363(c) on an expedited basis, on notice only to the Debtor, the Bank, and the United States Trustee, and to authorize use of cash collateral to fund the Interim Budget, pending a final hearing on the First Cash Collateral Motion.  This is necessary to avoid immediate and irreparable harm to the estate.  The Debtor has not yet determined whether the Bank will consent to an expedited preliminary hearing.

17.     Notice of This Motion. Notice of this Motion to the Bank and the U.S. Trustee is appropriate in the circumstances of this case. The Bank is the only creditor believed to claim a lien on cash collateral. There is not sufficient time to provide notice to others, and the order requested by this Emergency Motion does not prejudice any creditors.

WHEREFORE the Debtor requests authority to use cash collateral during the Interim Period as set forth above, for the Court to schedule the First Cash Collateral Motion for a final hearing on an expedited basis, and for all other just and proper relief.

Submitted,

Electronically filed
R. "Trey" Arvizu, III, Esq.
Attorney for Debtor
PO Box 1479
Las Cruces, NM  88004
(575) 527-8600
(575) 527-1199 fax
trey@arvizulaw.com

I CERTIFY that the foregoing was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on this 7th day of January 1011.

8

- Alice Nystel Page    Alice.N.Page@usdoj.gov
- United States Trustee    ustpregion20.aq.ecf@usdoj.gov

*S/electronically submitted*
R. "Trey" Arvizu, III